IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES MICHAEL SWINDELL | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | C.A. NO. _____-cv-_____ |
| | § | |
| RUBBER SPECIALISTS, LTD. | § | JURY DEMANDED |
| d/b/a CUSTOM RUBBER PRODUCTS | § | |
| | § | |
| Defendant | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

James Michael "Mike" Swindell, plaintiff ("Swindell"), sues Rubber Specialists, Ltd d/b/a Custom Rubber Products, defendant ("Custom Rubber"), and respectfully states the following to the Court.

### PARTIES

1. Plaintiff James Michael "Mike" Swindell is an individual Texas citizen residing in Nacogdoches County, Texas.

2. Defendant Rubber Specialists, Ltd. d/b/a Custom Rubber Products is a Texas domestic limited partnership, doing business in Houston, Harris County, Texas. Service of citation may be made via its registered agent for service, Scott Funk, at 1300 Post Oak Blvd, Suite 2000, Houston, Texas 77056.

### JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction under 28 U.S.C. §1331 (federal question), 29 U.S.C. §2601 *et seq.* (FMLA), 42 U.S.C. §12101 *et seq.*, as

amended by the ADAAA of 2008 (ADA), 29 U.S.C. §621 *et seq.* (ADEA), and 42 U.S.C. §2000e *et. seq.* (Title VII of the Civil Rights Act).

4.      The claims arose in Houston, Harris County. Venue in this District is proper pursuant to 28 U.S.C. §1391(b)(2).

## FACTUAL ALLEGATIONS

5.      Plaintiff Mike Swindell is a 68 year old man who worked for Custom Rubber for over six (6) years at Custom Rubber's business location at 2625 Bennington, Houston, Texas, until defendant chose to terminate his employment without explanation on August 24, 2012, at an ending annual salary of about $65,000.

6.      During plaintiff's employment, Custom Rubber promoted him at least once, including in 2008 when he received a promotion and a raise. Plaintiff performed his job well. Plaintiff was well-liked by his colleagues and had much success at Custom Rubber up until around September 2010, when he suffered a mild heart attack and stroke, after which his eyesight deteriorated. Nonetheless, even after this incident and disability (real or perceived), plaintiff was still able to perform his duties with some minor accommodations.

7.      To deal with the heart attack and stroke, plaintiff took protected medical leave under the Family Medical Leave Act for a couple weeks in September 2010. Plaintiff also made contact with the EEOC to oppose what he perceived as illegal discriminatory conduct toward him related to his job. Some of his supervisors became aware of his contact with the EEOC. It was after making contact with the EEOC and

returning from his brief leave in September 2010, that Mr. Swindell began to experience harassment and retaliation that created a hostile work environment, resulted in discrimination, and ultimately his termination and the end of his career.

8. During this time, his supervisors treated him very differently than other employees and encouraged his early retirement, first through intimidating meetings; then through poor unfounded targeted performance evaluations; then through taking away basic tools of his job including computer and software access; then through not including him in various company functions; then by threatening to lower his pay; as well as treating him differently than other employees in several fundamental respects (training, working from home, educational opportunities, standards of performance, formal evaluations, increased duties, attendance at meetings).

9. To this date, Mr. Swindell has never been provided the reason for his termination, even after he specifically asked his former supervisor, Ronald Clarke.

## CAUSES OF ACTION

### COUNT 1:

### ADA DISABILITY DISCRIMINATION – HARASSMENT AND HOSTILE WORK ENVIRONMENT

10. Plaintiff re-alleges paragraphs 5 through 9 in this Complaint.

11. Custom Rubber's discriminatory conduct as described above was committed intentionally, willfully and/or with reckless indifference toward Swindell and constitutes a violation of 42 U.S.C. §12101 *et seq* (ADA), as amended by the ADAAA of 2008.

3

## COUNT 2:

## AGE DISCRIMINATION

12. Plaintiff re-alleges paragraphs 5 through 9 in this Complaint.

13. Custom Rubber's discriminatory conduct as described above was committed intentionally and/or willfully toward Swindell and constitutes a violation of 29 U.S.C. §621 *et seq.* (ADEA).

## COUNT 3:

## FMLA RETALIATION

14. Plaintiff re-alleges paragraphs 5 through 9 in this Complaint.

15. Custom Rubber's retaliatory conduct in response to Swindell's engagement in the statutorily protected conduct of requesting, taking, and returning from FMLA leave as described above which resulted in his termination was committed intentionally and/or willfully, and not in good faith or with a reasonable belief it was not illegal, in violation of 29 U.S.C. §2601 *et seq.* (FMLA).

## COUNT 4:

## TITLE VII RETALIATION

16. Plaintiff re-alleges paragraphs 5 through 9 in this Complaint.

17. Custom Rubber's retaliatory conduct in response to Swindell's contact with the EEOC and/or otherwise opposing discrimination as described above, which resulted in harassment, hostile work environment, and his termination was committed

4

intentionally, willfully and/or with reckless indifference toward Swindell in violation of 42 U.S.C. §2000e, *et. seq.* (Title VII of the Civil Rights Act).

### ADMINISTRATIVE CONDITIONS PRECEDENT

18. Plaintiff filed this lawsuit within two years of the date of Defendant's adverse actions against him.

19. Plaintiff exhausted his administrative remedies through the filing of EEOC charge number 460-2013-00734, and the receipt of EEOC's notice of right to sue on May 16, 2014, issued upon the request of the undersigned counsel more than 180 days past the filing of the charge.

### DAMAGES

20. As a direct and proximate result of Custom Rubber's conduct and violations of the foregoing statutes, Plaintiff has suffered and seeks damages for mental anguish, pain and suffering, back pay, front pay, lost past and future benefits, liquidated damages, expert witness fees, attorney's fees, costs and interest.

### PUNITIVE DAMAGES

21. As a result of defendant's willful conduct, malice and/or reckless indifference, plaintiff seeks and is entitled to punitive damages under the ADA and/or Title VII.

### ATTORNEYS' FEES

22. Plaintiff seeks and is entitled to attorneys' fees under 42 U.S.C. §1988, 42 U.S.C. 2000e, *et. seq.*, 29 U.S.C. §216(b), and other applicable law.

## JURY DEMAND

23. Swindell demands a trial by jury as guaranteed by the Seventh Amendment to the United States Constitution, and other federal and state statutes.

## OTHER RELIEF

24. Swindell further seeks prejudgment interest, post-judgment interest, court costs, and such other relief to which he may show himself justly entitled.

Respectfully submitted,

KARCZEWSKI | BRADSHAW, L.L.P.

/s/ Miles T. Bradshaw
Miles T. Bradshaw
Attorney-in-Charge
State Bar No. 02837450
Southern District I.D. No. 13682
315 N. Church St.
Nacogdoches, Texas 75961
Telephone:   936/564-0010
Facsimile:   936/564-0020
mbradshaw@kblawgroup.com
ATTORNEYS FOR PLAINTIFF